5-9-08

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

KATIE McCAFFERY INVESTMENTS, LLC PLAINTIFF

VS. CIVIL ACTION NO. 2008-123

KENNETH DOSSETT, d/b/a
DOSSETT CONSTRUCTION DEFENDANT

---

**COMPLAINT**
**JURY TRIAL REQUESTED**

---

COMES NOW, Plaintiff, Katie McCaffery Investments, LLC, ("KMI"), and files this its complaint against the Defendant, Kenneth Dossett, d/b/a Dossett Construction, for the relief sought herein, the Plaintiff would show unto the Court the following, to-wit:

**1.**

The Plaintiff, KMI, is a Mississippi Limited Liability Company with its principal place of business located in Lamar County, Mississippi.

**2.**

The Defendant, Kenneth Dossett, is an adult resident citizen of Lamar County, Mississippi, and is d/b/a Dossett Construction.

**3.**

This Court has jurisdiction and venue over the parties and the subject matter of this litigation pursuant to Miss. Code Ann. §11-11-3 because the cause of action occurred in Lamar County, Mississippi.

**4.**

On or about April 16, 2007, KMI and Dossett entered into a construction contract. Pursuant to the contract, Dossett was to construct a home on Lot 49 in the Shadow Ridge






Subdivision in Lamar County, Mississippi. A copy of the construction contract is attached hereto as Exhibit "A."

5.

As part of this contract, Dossett was to complete the home as to the plans and specifications delivered to Dossett; that KMI shall approve all sub-contractors and laborers; that the performance of all contractual obligations was to be completed within six months from the issuance of the building permit, taking into consideration the availability of materials, labor, or weather delays; and that all work performed on the house was to be done in a workmanlike manner and according to the standard practices of the industry.

6.

Dossett quoted KMI a total contract amount of $236,181.03. In return for services provided, KMI has paid to Dossett considerable sums of money.

7.

In its current state, the home constructed by Dossett on Lot 49 in the Shadow Ridge Subdivision, is not yet complete, and contains a number of defects in the structure and workmanship of the home. Additionally, despite numerous requests from KMI, Dossett has refused, and continues to refuse, to provide any information with regard to the sub-contractors, invoices, and any documentation, including providing a copy of the plans and specifications for the home. KMI has, on numerous instances, attempted to cooperate and communicate with Dossett regarding these issues, but to no avail.



**8.**

On or about February 8, 2008, Dossett filed with the Chancery Clerk of Lamar County, Mississippi, a notice of construction lien against the lot on which the home was being constructed. The amount of the lien was $32,208.63.

**9.**

On or about February 18, 2008, KMI sent Dossett a letter seeking the remediation of the defects contained in the structure and workmanship of the home. A copy of the February 18, 2008, letter is attached hereto as Exhibit "B." KMI incorporates the defects listed in its February 18, 2008, letter as if they were fully restated herein.

**10.**

Despite numerous requests, Dossett has not corrected, and refuses to correct, any of the deficiencies identified by KMI. Additionally, Dossett continued to do work on the home and continues his efforts to collect the amount of the lien, plus any amount charged after that date.

**11.**

KMI has incurred damages and other costs associated with the defective conditions of the home listed above. Additionally, KMI will continue to incur damages in an effort to correct the deficiencies in the home, by way of demolishing the home and rebuilding it.

**COUNT ONE**

**BREACH OF CONTRACT**

**12.**

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.



13.

Along with the contractual obligation to build the home in a workmanlike manner and so that the home is suitable for habitation, the builder has a common law duty to perform the work, building the home, with care, skill, and reasonable experience, and the failure to do so constitutes breach of contract.

14.

In the contract between the parties dated April 16, 2007, Dossett expressly stated "all work is to be done in a workman like manner according to standard practices of the industry." The home that is the subject matter of this lawsuit, and built by Dossett, contained, and continues to contain, a number of defects, including but not limited to, the defects listed on Plaintiff's February 18, 2008 letter. Dossett knew, or should have known, that the construction of the home was substandard, and was not of a workman like manner according to the standard practices of the industry. Additionally, the contract expressly states that the performance of all contractual obligations was to be completed within six months from the issuance of the building permit, taking into consideration the availability of materials, labor, or weather delays. Dossett has wholly failed to meet this requirement.

15.

As a direct and proximate result of Dossett's breach of contract, the Plaintiff has incurred, and will continue to incur, damages in an amount to be determined at the trial of this matter, including, but not limited to, additional interest payments, the costs of construction to date, the costs that will be incurred in the demolition of the home, and the costs to rebuild the home.



## COUNT TWO

## BREACH OF EXPRESS WARRANTY

**16.**

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.

**17.**

In the contract between the parties dated April 16, 2007, Dossett expressly stated "all work is to be done in a workmanlike manner according to standard practices of the industry." The home that is the subject matter of this lawsuit, and built by Dossett, contained, and continues to contain, a number of defects, including but not limited to, the defects listed on Plaintiff's February 18, 2008, letter. Dossett knew, or should have known, that the construction of the home was substandard, and was not of a workman like manner according to the standard practices of the industry. Additionally, the contract expressly states that the performance of all contractual obligations was to be completed within six months from the issuance of the building permit, taking into consideration the availability of materials, labor, or weather delays. Dossett has wholly failed to meet this requirement.

**18.**

As a direct and proximate result of Dossett's breach express warranty, the Plaintiff has incurred, and will continue to incur, damages in an amount to be determined at the trial of this matter, including, but not limited to, additional interest payments, the costs of construction to date, the costs that will be incurred in the demolition of the home, and the costs to rebuild the home.



## COUNT THREE

## FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

**19.**

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.

**20.**

In the contract between the parties dated April 16, 2007, Dossett expressly stated "all work is to be done in a workman like manner according to standard practices of the industry." The home that is the subject matter of this lawsuit, and built by Dossett, contained, and continues to contain, a number of defects, including but not limited to, the defects listed on Plaintiff's February 18, 2008. Dossett knew, or should have known, that the construction of the home was substandard, and was not of a workman like manner according to the standard practices of the industry. Additionally, the contract expressly states that the performance of all contractual obligations was to be completed within six months from the issuance of the building permit, taking into consideration the availability of materials, labor, or weather delays.

**21.**

At the time Dossett made the statements and representations to the Plaintiff and contained in the original contract, Dossett knew, or should have known, that said statements and representations were false. Dossett made said statements and representations with the intent that the Plaintiff would rely and act upon them, thereby entering into a contract with Dossett to construct the home on Lot 49 in the Shadow Ridge Subdivision.



22.

The Plaintiff reasonably accepted these false statements and representations and acted upon the same to its detriment by entering into the April 16, 2007 contract with Dossett, which allowed Dossett to construct the home that now contains defects.

23.

As a direct and proximate result of Dossett's fraudulent and/or negligent misrepresentation, the Plaintiff has incurred, and will continue to incur, damages in an amount to be determined at the trial of this matter, including, but not limited to, additional interest payments, the costs of construction to date, the costs that will be incurred in the demolition of the home, and the costs to rebuild the home.

**COUNT FOUR**

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

24.

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.

25.

The Plaintiff would allege and aver that every contract entered into or to be performed within the State of Mississippi carries with it an inherent duty of good faith and fair dealing.

26.

The Plaintiff would show that Dossett, by failing to construct the home in a workmanlike manner, by using fraudulent and/or negligent misrepresentations to induce the Plaintiff to enter into a construction contract with Dossett, and by breaching express warranties

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

contained in the contract, violated the duty of good faith and fair dealing, and accordingly, Dossett is guilty of bad faith.

**27.**

As a direct, proximate result of Dossett's breach of the duty of good faith and fair dealing, the Plaintiff has incurred, and will continue to incur, damages in an amount to be determined at the trial of this matter, including but not limited to, additional interest payments, the costs of construction to date, the costs that will be incurred in the demolition of the home, and the costs to rebuild the home.

**COUNT FIVE**

**NEGLIGENCE**

**28.**

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.

**29.**

The Plaintiff would state that Dossett had a duty to construct the home in a professional and workmanlike manner, within the time period allowed for in the contract. Dossett breached this duty by failing to do so, and as a result, has caused the Plaintiff to incur damages. These damages include, but are not limited to, continued interest payments, payments for work not performed in a workmanlike manner, defects in the home, and the necessity to demolish the home and rebuild.

**30.**

As a direct, proximate result of Dossett's negligence, the Plaintiff has incurred, and will continue to incur, damages in an amount to be determined at the trial of this matter, including but

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

not limited to, additional interest payments, the costs of construction to date, the costs that will be incurred in the demolition of the home, and the costs to rebuild the home.

**COUNT SIX**

**SLANDER OF TITLE**

**31.**

Plaintiff readopts and realleges every material averment heretofore pled herein against the Defendant.

**32.**

Despite KMI's numerous attempts to obtain information from Dossett, KMI's request that Dossett perform to the contract in which he entered, and despite Dossett's breach of said contract, Dossett has fraudulently and maliciously filed a construction lien against the property upon which the home is being built, i.e., Lot 49 of the Shadow Ridge Subdivision in Lamar County, Mississippi.

**33.**

As a result of the construction lien against the title of the property, the Plaintiff is incapable of selling the property until said lien is cancelled.

**34.**

Dossett's conduct amounts to a slander of title against the property upon which the home is being built.

**35.**

As a direct and proximate result of Dossett's slander of title, the Plaintiff has incurred, and continues to incur, damages in an amount to be determined at the trial of this matter.



WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests a judgment against the Defendant as follows:

a. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the negligent construction of the home;

b. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, Dossett's negligence in the construction of the home;

c. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the breach of contract regarding the construction of the home;

d. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the fraudulent and/or negligent misrepresentation regarding the manner in which the home will be constructed;

e. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the breach of express warranty regarding the manner in which the home will be constructed;

f. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the breach of the duty of good faith and fair dealings;

g. An amount necessary to compensate the Plaintiff for the damages as a result of, or resulting from, the slander of title of Lot 49 in the Shadow Ridge Subdivision, Lamar County, Mississippi;

h. Punitive damages with regard to each and every wrongful conduct described hereinabove;

i. Pre-judgment and post-judgment interest;

j. Attorneys fees;



k. All costs of suit; and

l. Such other relief as the Court deems proper under the circumstances.

Respectfully submitted this the ____ day of May, 2008.

Richard J. Lajaunie, Attorney for the Plaintiff

L. Clark Hicks, Jr., MS Bar #8963
Richard J. Lajaunie, MS Bar #100035
Gunn & Hicks, PLLC
Post Office Box 1588
Hattiesburg, MS 39403-1588
Telephone (601) 544-6770
Facsimile (601) 544-6775
E: clark@gunnandhicks.com
E: richard@gunnandhicks.com

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

# CONTRACT

## DOSSETT CONSTRUCTION

P.O. BOX 15145 HATTIESBURG, MS 39404-5145
PHONE: 601-310-8289
E-MAIL: kennydumpire@comcast.net

April 16, 2007

JOB LOCATION: LOT 49 SHADOWRIDGE S/D, HATTIESBURG, MS 39402

OWNER'S NAME: KATIE McCAFFREY INVESTMENTS, LLC
PHONE: 601-
PHONE: 601-268-6163
CELL: 601-310-9488

JOB DESCRIPTION:
COMPLETE STRUCTURE AS TO PLANS # 2195-996 & SPECIFICATIONS ON LOT # 49 SHADOWRIDGE SUBDIVISION. ONCE OWNER HAS PRODUCED PHOTOS AND DRAY TICKETS FROM CONCRETE SUPPLIER AND DOSSETT CONSTRUCTION HAS EXAMINED THE INFORMATION AND EXISTING FOOTINGS; IT WILL BE DECIDED AT THAT TIME AS TO LIMITS OF LIABILITY OF DOSSETT CONSTRUCTION AS TO THE STRUCTURE WHEN COMPLETE. DOSSETT CONSTRUCTION SHALL CARRY A BUILDER'S RISK POLICY THOUGH OUT THE CONSTRUCTION TIME AND UPON FINAL CITY INSPECTION PASSED THE POLICY SHALL BE STOPPED ON THAT DAY AT 11:59 pm. OWNER AND DOSSETT CONSTRUCTION SHALL CHOSE FINISH MATERIALS AND ALL COSTS BELOW ESTIMATED COSTS SHALL BE DEDUCTED FROM THIS CONTRACT AMOUNT. DOSSETT CONSTRUCTION SHALL REAPPLY FOR BUILDING PERMIT AND WORK SHALL COMMENCE UPON ISSUANCE OF PERMIT WITHIN 5 WORKING DAYS. OWNER IS AWARE THAT FUNDS HAVE BEEN PAID OUT FOR WORK NOT DONE AND THOSE COSTS ABOVE THE ESTIMATE IS THE OWNER'S RESPONSIBILITY TO GET SUBCONTRACTOR TO COMPLETE WORK PROPERLY OR RECOVER COSTS IN COURT.

**TOTAL CONTRACT AMOUNT** $ 236,181.03

Payment schedule is hereby agreed to as follows:

| PYMT # | WORK DESCRIPTION | AMOUNT DUE | % PAYMENT | % BALANCE | BALANCE OF CONTRACT REMAINING |
|---|---|---|---|---|---|
| 1 | MOBILIZATION AND DEPOSIT | $ 11,809.05 | 5.0% | 95.0% | $ 224,371.98 |
| 2 | SLAB POURED AND FINISHED | $ 31,175.90 | 13.2% | 81.8% | $ 193,196.08 |
| 3 | WALLS STANDING | $ 14,170.86 | 6.0% | 75.8% | $ 179,025.22 |
| 4 | ROOF DECKING ON AND FELTED | $ 14,170.86 | 6.0% | 69.8% | $ 164,854.36 |
| 5 | WINDOWS & EXTERIOR DOORS INSTALLED | $ 11,809.05 | 5.0% | 64.8% | $ 153,045.31 |
| 6 | PLUMBING TOPPED OUT & HVAC ROUGHED IN | $ 11,809.05 | 5.0% | 59.8% | $ 141,236.26 |
| 7 | ELECTRICAL ROUGHED IN | $ 7,085.43 | 3.0% | 56.8% | $ 134,150.83 |
| 8 | ROOFING COMPLETE | $ 7,085.43 | 3.0% | 53.8% | $ 127,065.39 |
| 9 | EXTERIOR BRICK COMPLETE | $ 16,060.31 | 6.8% | 47.0% | $ 111,005.08 |
| 10 | INSULATION INSTALLED | $ 2,597.99 | 1.1% | 45.9% | $ 108,407.09 |
| 11 | SHEETROCK HUNG | $ 6,140.71 | 2.6% | 43.3% | $ 102,266.39 |
| 12 | SHEETROCK FINISHED | $ 6,140.71 | 2.6% | 40.7% | $ 96,125.68 |
| 13 | WALLS PRIMED | $ 2,361.81 | 1.0% | 39.7% | $ 93,763.87 |
| 14 | INTERIOR DOORS HUNG | $ 5,904.53 | 2.5% | 37.2% | $ 87,859.34 |
| 15 | INTERIOR TRIM INSTALLED | $ 7,793.97 | 3.3% | 33.9% | $ 80,065.37 |
| 16 | CABINETS INSTALLED | $ 8,030.16 | 3.4% | 30.5% | $ 72,035.21 |
| 17 | CABINETS TOPS INSTALLED | $ 7,085.43 | 3.0% | 27.5% | $ 64,949.78 |
| 18 | INTERIOR & EXTERIOR PAINT COMPLETE | $ 5,904.53 | 2.5% | 25.0% | $ 59,045.26 |
| 19 | CARPET INSTALLED | $ 4,723.62 | 2.0% | 23.0% | $ 54,321.64 |
| 20 | BALANCE OF FLOORING INSTALLED | $ 7,085.43 | 3.0% | 20.0% | $ 47,236.21 |
| 21 | PLUMBING, HVAC, ELECTRIC TRIM COMPLETE | $ 20,075.39 | 8.5% | 11.5% | $ 27,160.82 |
| 22 | LANDSCAPING COMPLETE | $ 15,351.77 | 6.5% | 5.0% | $ 11,809.05 |
| 23 | HOUSE PUNCH OUT COMPLETE | $ 11,809.05 | 5.0% | 0.0% | $ - |



FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

EXHIBIT A

The Owner is amply protected with general liability insurance and workers compensation insurance as is required by the State of Mississippi in connection with all work executed by the company on the premises and assumes all risks incidental to the work done by Dossett Construction provided for in such insurance with the exception of such risks arising from negligent acts, errors or omissions of Dossett Construction or Sub-Contractor.

Owner shall approve all subcontractors and laborers. All subcontractors are to have a Certificate of Insurance with General Liability and Workerman's Compensation Insurance naming Katie McCaffery LLC specifically.

Performance of all contractual obligations shall be completed within six (6) months from the issue of building permit for this contract; pending availablity of materials, labor or weather delays.

All moneys should be paid upon completion of this contractual agreement in accordance to the breakdown above.

Any balances due, at the time of job completion, which are not paid in full in ten (10) calendar days are subject to a monthly 1.5% interest charge. Anytime that payment is not made when draw is made with bank; all work shall cease and there will be a re-mobilization fee of $1000.00 paid to Dossett Construction above and beyond this contract amount with additional days of delay added to completion of structure.

Draw number one is non-refundable.

If in the event of non-payment of any amounts due above, the owner(s) of the property will be governed by the laws of the State of Mississippi and all costs for the acts of the collection of the debt shall be paid for by the owner(s) of the property including all costs of attorneys fees, court costs & fees, filing costs & fees, serving of papers costs & fees, lost time and out of pocket expenses of representatives of Dossett Construction and any other costs and/or fees as directed by the court.

All parties agree to enter into Arbitration on any items in discrepancy and that any decisions by arbitration shall be binding.

All work is to be done in a workmanlike manner according to standard practices of the industry. Any alterations or deviations from the plans & specifications involving extra costs will become an extra charge over and above this contract sum but is a part of the contract obligation none the less.

The undersigned represents that he/she/they are the true and legal owners or are authorized by the owner of the mentioned property for this work to be accomplished.

The undersigned acknowledges receipt of a true copy of this contract.

Signature of Owner(s) or Agent Thereof — Date: 4/16/07, 2007

Signature of Owner(s) or Agent Thereof — Date: , 2007

Kenneth Dossett, Contractor's Signature — Date: April 16, 2007

*NOTE: This quote is may be with drawn at anytime after 30 days from the Contractors signature date above.*



FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

GUNN & HICKS PLLC

ATTORNEYS AT LAW

Lawrence C. Gunn, Jr.
L. Clark Hicks, Jr.
L. Grant Bennett
Richard J. Lajaunie

804 West Pine Street
Post Office Box 1588
Hattiesburg, MS 39403-1588

Phone: 601.544.6770
Fax: 601.544.6775
firm@gunnandhicks.com

February 18, 2008

**CERTIFIED, RETURN RECEIPT**
Kenneth Dossett
d/b/a Dossett Construction
P.O. Box 15145
Hattiesburg, MS 39404-5145

Re: Shadow Ridge Construction on Lot 49
Katie McCaffrey Investments, LLC

Dear Mr. Dossett:

This letter is in reference to the home you agreed to build per contract with Katie McCaffrey Investments, LLC (hereinafter, KMI). The home is located on Lot 49 in the Shadow Ridge Subdivision in Lamar County, Mississippi. Attached hereto, you will find a list identifying issues known at this time which require your immediate attention.

The items identified on the accompanying list, as well as items that exist, but are unknown, at this time, adversely affect the value of the home and KMI's investment. KMI demands that you immediately address and correct each of these issues, including, if necessary, the repair or replacement of any components, in order to return the home to the value it would have if these issues had never existed.

In addition to the list of issues, it is apparent that a substantial period of time had gone by on a number of occasions where no work was being done, and as a result, the time in which you agreed to complete the house has now expired. KMI was required to pay interest notes during the time period in which no work was done, and continues to pay interest notes after the completion date as a result of your failure to complete the house according to contract.

Upon entering the contract you were taken to another house, the details of which you were to use in the construction of the Shadow Ridge home. You were told the Shadow Ridge home was to be exactly like that house, you were shown its details, and took notes on what you saw. Without

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

EXHIBIT B

---

any authorization, you deviated from what was requested. Additionally, you agreed to provide detailed specifications regarding the construction of the home. To date, you have failed to do so. Despite numerous requests, you have failed, refused, and continue to refuse to provide any detailed specifications or invoices for labor and materials. This is not acceptable. KMI demands that you immediately present these items.

In addition to the above, you have filed a lien against the Shadow Ridge property in the amount of $32,208.63, plus interest, service charges, and a reasonable attorney's fee. Your failures, errors, and omissions have cost KMI time and money which greatly exceeds your lien. KMI demands that you release this lien immediately. If you fail to do so, any resulting loss will be a result of your conduct and reimbursement will be sought.

KMI has already begun searching for a contractor to complete what you have failed to do. Should you refuse to address these items, and any subsequently found to be a result of your failures, errors, and omissions, reimbursement for the additional cost KMI will incur will also be sought. Additionally, should you refuse to address these items, KMI demands the immediate return of the keys, house plans, including any copies, and the removal of your tools and equipment. You should contact the undersigned counsel to arrange a time to meet at the home to do this.

In any event, should you fail to respond to this demand within fifteen (15) days after the receipt of this letter, I will have no alternative but to assume that you refuse to do so. Furthermore, I will have no alternative but to file a lawsuit on behalf of KMI for the negligent construction of the home and your failures, errors, and omissions, all of which have cost KMI greatly.

Sincerely,

Richard J. Lajaunie

RJL:mjh:3564
enclosure
cc: KMI

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

ITEMS, ERRORS, AND OMISSIONS OF ISSUE

1. As a result of the front door not being finished for a great amount of time, the weather has caused the front door to crack. (As the crack cannot be repaired in the front door, the front door is to be replaced.)

2. The masonry work is below average and unacceptable. The mortar joints in the arch above the door are uneven.

3. The outer entry arch is not properly aligned or balanced as it appears crooked.

4. In the outer entry arch, the masonry work is below average and unacceptable. The mortar joints are uneven.

5. The concrete floor in the entry is cracked and uneven.

6. The shingles above the left entry gable are peeling.

7. The shingles are installed improperly where the house and garage roof meet.

8. The flashing on the garage roof is aluminum, instead of copper.

9. The masonry work outside the dining room window is below average and unacceptable as it appears crooked.

10. The roof over the bay window outside the office is covered with shingles instead of copper.

11. There are attic vents missing over the bay window and entry way.

12. The masonry work around the bay window is below average and unacceptable in that the mortar and/or bricks have cracked.

13. All stone work is missing (as this is an item that cannot be corrected, the amount budgeted for this item will be deducted from the amount owed to you, and/or added to the amount of damages suffered by KMI.).

14. The concrete driveway is cracked.

15. The shingles above the bay window are peeling.

16. The masonry work above the left bay window is below average and unacceptable as it appears crooked.

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

17. The masonry work near the left dining room window is below average and unacceptable as it appears crooked.

18. The masonry work above all of the windows is below average and unacceptable as it shows an unsightly metal beam. This is not how it appears on every other house in Shadow Ridge.

19. The garage door was improperly framed as it is not framed to the brick.

20. The soffit vents are not caulked.

21. The trim around the garage door is split and cracked.

22. The paint on the garage trim is peeling.

23. The nail holes in the garage trim are not filled and are highly visible.

24. In numerous areas around the house, the soffits appear to be water damaged, physically damaged, have gaps, or has peeling paint.

25. The soffits are painted with one coat, which is insufficient.

26. The garage attic vent is the wrong style.

27. Window boxes were omitted from the house.

28. The masonry work on the lower back corner is below average and is unacceptable as they appear to be bulging away from the wall.

29. The masonry work around all windows is not what was requested in that there are no inlaid bricks.

30. The concrete slab of the back porch is uneven.

31. The right master bedroom window is bowed out.

32. The masonry work around all doors are below average and unacceptable as they are not laid properly.

33. The window trim or cases in the living room is below average and unacceptable as they appear crooked.

34. The work completed on the ceiling and/or roof of the back porch contains highly visible seams which is unacceptable.

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

35. The middle master bedroom window is improperly installed and is not plumb or square.

36. There are large gaps on both sides of the bay window on the back of the house near the shingles.

37. The shingles and ridge cap above the master bedroom are improperly installed.

38. All ridges in the roof flip up at the ends.

39. The shingles are not trimmed on the master bedroom ridge.

40. There is a lump in the roof along the gable window.

41. There is a chipped edge on a window in the back bedroom.

42. The walls around the toilet area in the second bath are not plumb and/or square.

43. The sheetrock around the tub in the second bath is cracking.

44. The casing in the door to the second bath going to the back bedroom was improperly cut and is unsightly.

45. The sheetrock above the window and near the wire hanging out of the wall in the front bedroom are unsightly and improperly finished.

46. None of the internal door openings are square and plumb.

47. The wall in the hallway to the left garage door is not plumb and/or square.

48. The right window in the garage is substandard material as the pieces inside the window are bowed.

49. The casing around the bay window in the kitchen is not plumb and/or square and as such appears to be bowed out at the bottom.

50. The sheetrock in the window openings in all of the windows around the house are improperly finished and are unsightly.

51. The crown molding above the fireplace was improperly installed and does not fit properly.

52. The wall next to the entertainment center is not plumb and/or square.

53. The concrete slab in the living room is seriously uneven and has pits.

FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson

54. The baseboards below the windows are improperly installed and appear crooked.

55. The sheetrock above the fireplace was improperly finished and is below average and unacceptable.

56. The corners of the columns to the dining room do not meet properly at a 45 degree angle.

57. There is missing chair railing and molding on the walls in the dining room.

58. The column wraps on the walls in the dining room are of the wrong type.

59. The posts used in the dining room are too small.

60. There is a missing arch in the entryway.

61. There is no trim around the door in the entryway.

62. The walls and the bay window in the office area are not plumb and/or square.

63. The outside corners are not plumb and/or square.

64. No insulation in the attic.





U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

7003 1010 0004 0391 0081

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

Postmark Here

File no 35804

Sent To Kenneth Dossett
Street, Apt. No.; or PO Box No. P.O. Box 15145
City, State, ZIP+4 Hattiesburg, MS 39404

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Kenneth Dossett
DBA Dossett Construction
P.O. Box 15145
Hattiesburg, MS 39404-5145

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X K Dossett ☐ Agent ☐ Addressee

B. Received by (Printed Name) K Dossett C. Date of Delivery 02-21-08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

FEB 21 2008 HATTIESBURG 39402

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7003 1010 0004 0391 0081

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540


FILED
LAMAR COUNTY MAY - 9 2008 CIRCUIT CLERK
Leslie Wilson