IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


NATIONAL BUILDERS AND
CONTRACTORS INSURANCE
COMPANY, A RISK RETENTION
GROUP                                                           PLAINTIFF

VS.                            CIVIL ACTION NO. 2:10-cv-200(DCB)(JMR)

KENNETH DOSSETT d/b/a
DOSSETT CONSTRUCTION
and KATIE McCAFFREY
INVESTMENTS, LLC                                               DEFENDANTS


MEMORANDUM OPINION AND ORDER

    This cause is before the Court on defendant Katie McCaffrey

Investments, LLC ("KMI")'s motion to dismiss **(docket entry 10)** for

failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and

under the doctrine of abstention; the plaintiff National Builders

and Contractors Insurance Company ("NBCIC")'s motion for summary

judgment **(docket entry 12)**; and KMI's motion to stay motion for

summary judgment **(docket entry 22)**.  Having carefully considered

the motions and responses, the memoranda of the parties and the

applicable law, and being fully advised in the premises, the Court

finds as follows:

    This is a declaratory judgment action filed by the plaintiff,

NBCIC.   Its insured, defendant Kenneth Dossett d/b/a Dossett

Construction ("Dossett") entered into a contract with KMI to build

a home on a lot owned by KMI.  KMI filed suit against Dossett in

the Circuit Court of Lamar County, Mississippi, alleging that

Dossett breached his contract with KMI by failing to construct the home in a workmanlike manner and by failing to complete the project within six months from the issuance of the building permit. Dossett was served with KMI's complaint on or about May 30, 2008, but, according to NBCIC, did not notify NBCIC of the complaint until November of 2009.

Dossett was covered by a Commercial General Liability Insurance ("CGLI") Policy issued by NBCIC at the time the contract for the construction of the subject home was entered into by Dossett and KMI. In its declaratory judgment complaint, NBCIC alleges that the CGLI policy "specifically sets forth, as a condition precedent to coverage, a requirement that the insured notify the insurance carrier as soon as practicable of an occurrence or offense which may result in a claim, or if a claim is made or if suit is brought against the insured." NBCIC further alleges that Dossett did not notify it as soon as practicable of the claims brought against him by KMI, and that as a result there is no coverage for those claims pursuant to the terms of the policy. Complaint, ¶ 14. NBCIC also alleges that even if notice were given by Dossett "as soon as practicable," there are other definitions and exclusions in the policy that would preclude coverage. Complaint, ¶¶ 15-17.

KMI moves to dismiss NBCIC's complaint pursuant to Fed.R.Civ.P. 12(b)(6), which is designed "to test the formal

sufficiency of the statement of the claim for relief," not to resolve "a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 (2004).  With the limited exception of those cases described in Fed.R.Civ.P. 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  However, while Rule 8(a) is not exacting, it does require "a 'showing,' rather than a blanket assertion, of entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1950 (2009)(quoting Twombly, 550 U.S. at 561-62).  The Court finds that the plaintiff's complaint meets the requirements of Twombly and Iqbal.

Alternatively, KMI moves for dismissal of this action on abstention grounds.  The Declaratory Judgment Act provides that the Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration ...."  28 U.S.C. § 2201(a)(emphasis added).  The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to

declare the rights of litigants." Wilton v. Seven Falls Co., 515
U.S. 277, 288 (1995). Thus, a district court possesses "broad
discretion to grant (or decline to grant) declaratory judgment."
Id. at 281. "In the declaratory judgment context, the normal
principle that federal courts should adjudicate claims within their
jurisdiction yields to considerations of practicality and wise
judicial administration." Id. at 288. The Supreme Court has
stated that it would be "uneconomical as well as vexatious for a
federal court to proceed in a declaratory judgment suit where
another suit is pending in a state court presenting the same issues
... between the same parties." Brillhart v. Excess Insurance Co.
of America, 316 U.S. 491, 495 (1942).

"[T]he propriety of declaratory relief in a particular case
will depend upon a circumspect sense of its fitness informed by the
teachings and experience concerning the functions and extent of
federal judicial power." Wilton, 515 U.S. at 287. The Fifth
Circuit has identified several factors which should be considered
by a district court in determining how to exercise its discretion
in a declaratory judgment action: (1) whether there is a pending
state action in which all of the matters in controversy can be
fully litigated; (2) whether the plaintiff filed in anticipation of
a lawsuit by the defendant; (3) whether the plaintiff engaged in
forum shopping in bringing the suit; (4) whether possible
inequities in allowing the declaratory plaintiff to gain precedence

in time or to change forums exist; (5) whether the federal court is
a convenient forum for the parties and witnesses; (6) whether
retaining the lawsuit in federal court would serve the purposes of
judicial economy; and (7) whether the federal court is being called
on to construe a state judicial decree involving the same parties
and entered by the court before whom the parallel state suit
between the same parties is pending.  St. Paul Ins. Co. v. Trejo,
39 F.3d 585 (5th Cir. 1994).  "These factors are not exhaustive,
mandatory or exclusive."  Colony Ins. Co. v. Wayne's World Tubing
and Canoeing, LLC, 2007 WL 4547498 *4 (E.D. La. Dec. 18,
2007)(citing Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94 (5th
Cir. 1992)).  In Sherwin-Williams Co. v. Holmes County, 343 F.3d
383 (5th Cir. 2003), the Fifth Circuit noted that the Trejo factors
are designed to address three primary considerations found in
Brillhart: (1) proper allocation of decision-making between state
and federal courts, (2) fairness, and (3) efficiency.  Id. at 390.

The first factor, whether there is a pending state action in
which all of the matters in controversy may be fully litigated,
favors abstention.  KMI's Amended Complaint in the state court
action was filed pursuant to Rule 57 of the Mississippi Rules of
Civil Procedure, which was amended in 2000 to allow an injured
third party to maintain a direct declaratory judgment action
against a liability insurer, where the insurer has indicated that
it may deny coverage of the injured party's claim.  Miss.R.Civ.P.

57(b).

NBCIC points out that at the time it filed its declaratory judgment action in this Court, KMI had not yet filed its state court declaratory judgment claim.  However, the first-to-file rule is not applicable in this context.  See American Bankers Life Assurance Co. of Florida v. Overton, 128 F.Appx 399, 403 (5th Cir. 2005)(first-to-file rule applies only when two similar actions are pending in two federal courts, not one in state court and the other in federal court).  NBCIC also objects that it has not yet been served with process in the state court action.  Nevertheless, it is a defendant in "a pending state court proceeding in which matters in controversy between the parties may be fully litigated." Rowan Cos. v. Griffin, 876 F.2d 26, 29 (5th Cir. 1989).  Even if it were not a defendant, NBCIC's objection would not be well taken.  See United States Fidelity v. Blevins, 979 F.2d 1535 (5th Cir. 1992)(affirming district court's decline of jurisdiction where insurer not a present party to state court action); State Farm Fire and Cas. Co. v. Oliver, 659 F.Supp. 478, 480 (S.D. Miss. 1987)(dismissing declaratory judgment action even though insurer not presently a party to state court action "in light of the existence of Rules 14 and 57 of the Mississippi Rules of Civil Procedure"); Guaranty Nat. Ins. Co. V. Pittman, 501 So.2d 377, 383 (Miss. 1987)(permitting insurer to intervene in state court action); Ranger Ins. Co. v. Turner, 1998 WL 94939 (N.D. Miss. Feb.

13, 1998)(abstaining from hearing declaratory judgment action and finding, "While Ranger is not technically a party to the state court action, it may seek intervention in the state court action and receive from the state court a determination of its responsibilities to defend Turner in that action.").  NBCIC need not seek leave to intervene; since it is already a defendant in KMI's declaratory judgment claim before the Circuit Court of Lamar County, it need only enter an appearance in the pending action.

As for the second and third Trejo factors, NBCIC simply states that it did not file suit in anticipation of a lawsuit by KMI, and did not engage in forum shopping.  NBCIC Brief, p. 7.  KMI urges the Court to find these factors neutral in that "NBCIC may or may not have filed its current declaratory judgment action in anticipation of a lawsuit brought by Dossett."  KMI Brief, p. 4. The Court finds both of these factors neutral, keeping in mind that "declaratory judgments are not to be used defensively to deny a prospective plaintiff's choice of forums."  Prudential Ins. Co. v. Doe, 140 F.3d 785, 790 (8th Cir. 1998).

NBCIC asserts that it "has not inequitably gained precedence in time or changed a previously selected forum for the declaration it has sought."  NBCIC Brief, p. 7.  KMI counters that "there is no inequity, only benefit, in having a state court decide coverage in the same proceeding concerning the subject of the coverage."  KMI Brief, p. 4.  The Court does not view the equities in this case as

favoring either side, and the fourth factor is therefore neutral.

The Court finds that the fifth factor is neutral, in that the federal and the state forums are equally convenient.

As for the sixth factor, the Court finds that retaining the declaratory judgment action in federal court would not serve the purpose of judicial economy, but allowing KMI to seek a declaration in state court, and the resulting consolidation of claims, may avoid unnecessary litigation and reduce litigation costs.  See South Carolina Ins. Co. v. McKee, 2005 WL 1384652 *4 (N.D. Miss. June 9, 2005)("the instant litigation would be best served by the involvement of fewer, rather than more, courts").

Finally, the Court finds that the seventh factor is inapplicable.

Balancing all of the Trejo factors in light of the considerations in Brillhart and Wilton, the Court finds that abstention in favor of the Lamar County Circuit Court action is proper.  The state trial court is in a better position to evaluate the factual issues than is the federal court; moreover, issues of unsettled state law are implicated, and there is a close nexus between the underlying factual and legal issues and state law and public policy.  This is particularly so since insurance contract interpretation is involved.  See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 561 (6th Cir. 2008).

"District courts routinely invoke the doctrine of abstention

in insurance coverage actions, which necessarily turn on issues of state law." <u>Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.</u>, 2004 WL 193564 *2 (S.D. N.Y. Fed. 3, 2004).   In <u>Westfield Ins. Corp. v. Mainstream Capital Corp.</u>, 366 F.Supp.2d 519, 521 (E.D. Mich. 2005), the court stated:

> Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no <u>per</u> <u>se</u> rule prohibiting such actions in federal court ... "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem."

<u>Id</u>. at 521 (quoting <u>Bituminous Cas. Corp. v. J & L Lumber Co.</u>, Inc., 373 F.3d 807, 812 (6th Cir. 2004)(additional citation omitted)).

The court shall therefore grant KMI's motion to dismiss.  The motion for summary judgment and motion to stay are moot. Accordingly,

IT IS HEREBY ORDERED that defendant Katie McCaffrey Investments, LLC's motion to dismiss **(docket entry 10)** is granted, and a separate Final Order shall be entered, dismissing this case without prejudice;

FURTHER ORDERED that the plaintiff National Builders and Contractors Insurance Company's motion for summary judgment **(docket entry 12)**; and KMI's motion to stay motion for summary judgment **(docket entry 22)** are MOOT.

SO ORDERED, this the 28th day of April, 2011.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE